NON-PUBLIC

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

May 27, 2009

| | |
|---|---|
| In the Matter of<br><br>CALIFORNIA PUBLIC<br>PENSION FUNDS<br><br>(LA-3644) | ORDER DIRECTING PRIVATE<br>INVESTIGATION AND DESIGNATING<br>OFFICERS TO TAKE TESTIMONY |

I.

Members of the staff have reported information to the Commission that tends to show that from at least January 2004 to the present:

A.    In possible violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, certain persons and/or entities, directly or indirectly, in the offer or sale or in connection with the purchase or sale of certain securities, may have been employing devices, schemes, or artifices to defraud, obtaining money or property by means of untrue statements of material fact or omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were or are made, not misleading, or engaging in transactions, acts, practices or courses of business which operated, operate, or would operate as a fraud or deceit upon any person, concerning, among other things, the investment of money by public pension funds in California with investment management firms and others and certain payments made in connection with those investments.

B.    In possible violation of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), persons and/or entities, while acting as investment advisers, directly or indirectly, may have been employing devices, schemes, or artifices to defraud any client or prospective client, or engaging in transactions, practices, or courses of business which operated or operate as a fraud or deceit upon any client or prospective client, concerning, among other things, the investment of money by public pension funds in California with investment management firms and others and certain payments made in connection with those investments.

C.    While engaged in the above-described activities, such persons or entities, directly or indirectly, may have been making use of any means or instruments of transportation or

communication in interstate commerce, or of the mails, of any instrumentality of interstate commerce, or of any facility of any national securities exchange.

## II.

The Commission, having considered the staff's report and deeming such acts and practices, if true, to be possible violations of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Sections 206(1) and 206(2) of the Advisers Act, finds it necessary and appropriate and hereby:

ORDERS, pursuant to the provisions of Section 20(a) of the Securities Act, Section 21(a) of the Exchange Act, and Section 209(a) of the Advisers Act that a private investigation be made to determine whether any persons or entities have engaged in, or are about to engage in, any of the reported acts or practices or any acts or practices of similar purport or object; and

FURTHER ORDERS, pursuant to the provisions of Section 19(c) of the Securities Act, Section 21(b) of the Exchange Act and Section 209(b) of the Advisers Act that for purposes of such investigation, Rosalind Tyson, Michele Wein Layne, Andrew Petillon, Diana Tani, Lorraine Echavarria, Kelly Bowers, Finola Manvelian, Marshall Sprung, Leslie Hakala, Catherine W. Brilliant, Payam Danialypour, Melissa Grant, and Junling Ma, and each of them, are hereby designated as officers of the Commission and are empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, contracts, agreements, or other records deemed relevant or material to the inquiry, and to perform all other duties in connection therewith as prescribed by law.

By the Commission.


Elizabeth M. Murphy
Secretary


By: J. Lynn Taylor
Assistant Secretary

2